UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINETTE AUSTIN,

       Plaintiff,

                                          No. 13-10098

-vs-                                  District Judge David M. Lawson
                                        Magistrate Judge R. Steven Whalen

ART CENTER TOWN
and CARRIAGE HOMES NORTH,
LLC,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Antoinette Austin ("Plaintiff") filed a *pro se* civil complaint in this Court on January 10, 2013. Before the Court is a Motion to Dismiss filed by Defendants Art Center Town & Carriage Homes North, LLC ("Art Center"), Joel S. Welber, The Loft Warehouse, Inc. (" The Loft") and Sabra Sanzotta[1] [Doc. #6], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Motion be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE as to these Defendants.

### I.   BACKGROUND FACTS[2]

This case involves a condominium located at 305 East Palmer in the City of

---

[1] The complaint misspells Ms. Sanzotta's name as "Sobra Mendotta."

[2] All facts are substantiated by exhibits attached to Plaintiff's complaint. These exhibits, as well as others, are also included with Defendants' motion. To the extent that Defendants' motion relies on exhibits that are not included with or referenced in the complaint, it may be deemed a motion for summary judgment under Fed.R.Civ.P. 56. Rule 12(b) provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."

Detroit. Alice Gibson, who is also a Defendant, purchased the property in October, 2008 from Defendant Art Center. The real estate broker in this transaction was Defendant The Loft, which was owned and operated by Defendant Sanzotta. Defendant Welber was the manager of Art Center. Ms. Gibson purchased the property pursuant to a one-year land contract, with a balloon payment due at the end of that term.[3]

Ms. Gibson defaulted on the balloon payment at the end of the one-year term. She consented to a Judgment of Possession After Land Contract Forfeiture in the 36th District Court. This consent judgment provided her until November 15, 2012 to cure a $168,486.74 default. Ultimately, she did not cure the default.

On November 12, 2012, three days before the expiration of the time for Gibson to cure the default, she leased the premises to the Plaintiff. The lease between Gibson and the Plaintiff, such as it is, is attached to the complaint as Exhibit A. Plaintiff alleges that the lease gave her a six-month option to purchase the property.

On or about November 20, 2012, Art Center obtained an Order of Eviction from the 36th District Court. On December 18, 2012, that court denied Gibson's motion to stay the eviction, citing her failure to appear at the hearing. Plaintiff alleges that she, as well as Gibson, was evicted from the property.

Plaintiff's complaint is somewhat rambling and difficult to follow. She appears to bring claims of breach of contract; RESPA, 12 U.S.C. § 2601, *et seq.*; REMIC (Real Estate Mortgage Investment Conduit) violations; Articles 3 and 9 of the Uniform Commercial Code ("UCC"); and silent fraud. In terms of relief, she requests that the Court declare her to be the "fee simple title holder" to the property, that the Defendants'

---

[3] Art Center defaulted on a construction loan, and Defendant Bank of America became assignee of the land contract. Bank of America has filed a separate motion to dismiss [Doc. #12].

interests in the property be extinguished, and that she be awarded $27 Million.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[4] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief

---

[4] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### III. DISCUSSION

This motion does not merit a lengthy discussion. The gist of Plaintiff's complaint is that she rented a condominium from a woman who, before signing the lease with her, defaulted on her loan and consented to a judgment of possession of the property. When her landlady failed to cure the default, both the Plaintiff and the landlady were evicted. Even though Plaintiff, a renter, never signed a purchase agreement with the Defendants, and in fact had no contractual relationship of any kind with the Defendants, she would like to not only have title to the property for free, but wants the Defendants to pay her $27 Million.

Nice deal if you can get it.

While Plaintiff *might* have some kind of state law action against Alice Gibson, her landlady, the claims against the Defendants who have brought this motion are beyond

frivolous.[5] Defendants correctly argue that Plaintiff lacks standing. To establish standing, Plaintiff must show: (1) an injury-in-fact that; (2) was "fairly traceable to the defendant's allegedly unlawful conduct"; and (3) is "likely to be redressed" via a favorable decision. *Prime Media, Inc. v. City of Brentwood,* 485 F.3d 343, 349 (6th Cir.2007) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)).

Plaintiff does not get past the first prong of the test for standing. The Supreme Court has defined an "injury-in-fact" as "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130 (internal quotation marks and citations omitted). Plaintiff simply has no legally protected interest vis-a-vis these Defendants. Defendants The Loft and Sanzotta were merely brokers to a land contract transaction between Gibson and Art Center. Plaintiff has no privity of contract with The Loft or Sanzotta, and in any event, these Defendants had no role in the foreclosure or eviction. Nor does Plaintiff have any privity with Art Center or Welber. Plaintiff therefore has no standing to bring a breach of contract claim, a fraud claim, or claims of violation of federal laws such as RESPA, which offer protection to purchasers of real estate, not to ersatz renters. And again, the foreclosure proceedings were commenced and the consent judgment of possession was obtained before the Plaintiff even came on the

---

[5] Plaintiff's complaint could also be dismissed under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See also Higgins v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (patently frivolous case divests the district court of jurisdiction). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

scene.

Likewise, Plaintiff's allegations do not state a *plausible* claim for relief sufficient to satisfy the pleading requirements of *Iqbal*.

Finally, I note that on April 17, 2013, the Court granted Plaintiff's motion for a 30-day extension of time to file her response to this Motion, making her response due on May 22, 2013. Despite being afforded extra time, Plaintiff has not filed a response. Therefore, the Defendants' Motion may be considered unopposed.

Accordingly, Defendants' Motion to Dismiss should be GRANTED.

## IV. CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss [Doc. #6] be GRANTED, and that Defendants Art Center Town & Carriage Homes North, LLC, Joel S. Welber, The Loft Warehouse, Inc. and Sabra Sanzotta be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: August 29, 2013                     s/R. Steven Whalen
                                           R. STEVEN WHALEN
                                           UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on August 29, 2013, electronically and/or by U.S. Mail.

                                           s/Michael Williams
                                           Case Manager to the
                                           Honorable R. Steven Whalen