UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINETTE AUSTIN,

        Plaintiff,

                                      No. 13-10098
-vs-                             District Judge David M. Lawson
                                      Magistrate Judge R. Steven Whalen
ART CENTER TOWN
and CARRIAGE HOMES NORTH,
LLC,

        Defendants.
                                      /

**REPORT AND RECOMMENDATION**

Plaintiff Antoinette Austin ("Plaintiff") filed a *pro se* civil complaint in this Court on January10, 2013. Before the Court is Defendant Lee Gordon's Motion to Dismiss [Doc. #9] which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Motion be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE as to Defendant Gordon.

**I.    BACKGROUND FACTS**

This case involves a condominium located at 305 East Palmer in the City of Detroit. Alice Gibson, who is also a Defendant, purchased the property in October, 2008 from Defendant Art Center. The real estate broker in this transaction was Defendant The Loft, which was owned and operated by Defendant Sanzotta. Defendant Welber was the manager of Art Center. Ms. Gibson purchased the property pursuant to a one-year land contract, with a balloon payment due at the end of that term.

Ms. Gibson defaulted on the balloon payment at the end of the one-year term. She consented to a Judgment of Possession After Land Contract Forfeiture in the 36th District

-1-

Court. This consent judgment provided her until November 15, 2012 to cure a $168,486.74 default. Ultimately, she did not cure the default.

On November 12, 2012, three days before the expiration of the time for Gibson to cure the default, she leased the premises to the Plaintiff. Plaintiff alleges that the lease gave her a six-month option to purchase the property.

On or about November 20, 2012, Art Center obtained an Order of Eviction from the 36th District Court. On December 18, 2012, that court denied Gibson's motion to stay the eviction, citing her failure to appear at the hearing.

Defendant Lee Gordon was the Court Officer who carried out the eviction. The complaint discusses the eviction at ¶¶ 15-18. Although somewhat unclear, it appears that Gordon first attempted the eviction on December 6, 2012, but following a telephone call to the 36th District Court, the eviction did not go forward on that day. (Gibson filed a motion for reconsideration of the eviction order, which was denied on December 18, 2012). However, Gordon in fact carried out the eviction on December 20, 2012, pursuant to the court order. Both Plaintiff and Gibson were evicted. Plaintiff alleges that following the eviction, some of her property was damaged or missing.

In his Motion, Defendant Gordon argues that he is protected by quasi-judicial immunity. Despite being granted an extension of time to respond to Gordon's Motion, Plaintiff has not filed a response.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for

summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[1] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing

---

[1] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

*Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### III.   DISCUSSION

These facts are uncontested:  Defendant Art Center obtained a consent judgment of possession from the 36th District Court. On or about November 20, 2012, Art Center obtained an Order of Eviction from the 36th District Court. On December 18, 2012, that court denied Gibson's motion to stay the eviction, citing her failure to appear at the hearing. Defendant Lee Gordon carried out the eviction pursuant to the 36th District Court order.

Defendant Gordon is therefore protected by quasi-judicial immunity. "[N]onjudicial persons who fulfill quasi- judicial functions intimately related to the judicial process have absolute immunity for damage claims arising from their performance of the delegated functions." *Moses v. Parwatikar,* 813 F.2d 891, 892 (8th Cir. 1987)(*citing Myers v. Morris,* 810 F.2d 1437, 1466 (8th Cir.  1987)). The Supreme Court has established a functional approach for determining whether a non-judicial officer is entitled to absolute immunity, that is, whether that person's actions bear a close relationship to the judicial process, and whether his judgments are comparable to those of a judge. *Cleavinger v.  Saxner,* 474 U.S. 193, 201 (1985).  *See also See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).

Virtually every court to have considered the question has held that law enforcement officials executing a *facially valid court order* are protected by absolute quasi-judicial immunity. *See, e.g., Valdez v. Denver,* 878 F.2d 1285 (10th Cir.1989) (sheriff and sheriff's deputies took plaintiff into custody pursuant to judicial order); *Coverdell v. Department of Social & Health Servs.,* 834 F.2d 758 (9th Cir.1987) (child protective services worker removed newborn infant from hospital and placed her in temporary shelter pursuant to court order); *Henry v. Farmer City State Bank,* 808 F.2d 1228 (7th Cir.1986) (sheriff participated in execution of foreclosure sale pursuant to judgment of foreclosure); *Tymiak v. Omodt,* 676 F.2d 306 (8th Cir.1982) (per curiam) (sheriff evicted plaintiff from home in compliance with court order); *Fowler v. Alexander,* 478 F.2d 694 (4th Cir.1973) (sheriff and jailer confined plaintiff pursuant to a court order); *Property Management & Invs., Inc. v. Lewis,* 752 F.2d 599, 602–04 (11th Cir.1985) (receiver of corporation protected by judicial immunity in carrying out orders of appointing judge). "Enforcing a court order or judgment is intrinsically associated with a judicial proceeding." *Valdez,* 878 F.2d at 1288. These implementing individuals "are themselves 'integral parts of the judicial process.' " *Coverdell,* 834 F.2d at 765 (quoting *Briscoe v. LaHue,* 460 U.S. 325, 335, 103 S.Ct. 1108, 1116, 75 L.Ed.2d 96 (1983)).

Defendant Gordon was executing a valid court order of eviction. Because he is entitled to the protection of quasi-judicial immunity, his motion to dismiss should be granted.

### IV.   CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Doc. #9] be GRANTED, and that Defendant Lee Gordon be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: September 4, 2013

---

**CERTIFICATE OF SERVICE**

I hereby certify on September 4, 2013, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 4, 2013: **None**

s/Terri L. Hackman
Judicial Assistant to Magistrate Judge R. Steven Whalen